883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Warren KEARSE, Petitioner--Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent--Appellee.
 No. 88-2982.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1989.
Decided Aug. 3, 1989.
Rehearing and Rehearing In Banc Denied Sept. 12, 1989.
 
 Tracy Ellsworth Mulligan, Jr. for appellant.
 David E. Brunori (James I.K. Knapp, Acting Assistant Attorney General, Gary R. Allen, Charles E. Brookhart, Tax Division, Department of Justice on brief) for appellee.
 Before PHILLIPS and SPROUSE, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case is before the court on appeal by George Warren Kearse from the decision of the United States Tax Court. This court's jurisdiction is found under Sec. 7482 of the Internal Revenue Code of 1986, as amended (IRC)
 
 I.
 
 2
 In the proceedings in the Tax Court, the appellant was assessed a 5% negligence penalty under Sec. 6653(a)(1) of the IRC for the tax year ending December 31, 1980. In similar fashion, the Tax Court computed a penalty under Sec. 6653(a)(1) of the IRC, for the tax years ending December 31, 1981, and December 31, 1982. The tax penalty was computed against the total tax due for each of those three years, not giving credit to the amount of actual underpayment, determined after giving credit for the withheld income tax which was paid in by appellant's employer. Similarly, the Tax Court computed a 50% addition to tax under IRC Sec. 6653(a)(2) for the tax years of 1981 and 1982 against the total tax determined to be due for each of those years. The Tax Court also assessed additions to the tax under Sec. 6654 for failure to pay estimated tax. Finally, the Tax Court assessed a penalty under Sec. 6673 of the IRC (the frivolous penalty) against the appellant. The appellant asserts error as to each of these actions by the Tax Court.
 
 
 3
 As a beginning and significant point, it should be noted carefully that the appellant failed to file any tax return for the calendar years 1980, 1981, and 1982, though he had previously filed a tax return for the calendar year 1979. In computing the tax due from appellant, the Commissioner initially determined a tax liability for each of the years in question. After some adjustments to the tax liability, the Commissioner then gave credit to the appellant for the amount of tax which had been collected during the year from the taxpayer from withholding, and paid over to the Treasury. The matter is most easily shown by the following table:
 
 
 4
 1980 1981 1982
Tax Liability (Total) $10,212.00 $16,850.00 $10,979.00
Tax Paid (Withholding) 10,399.57 10,359.14 10,540.,00
 ---------- ---------- ----------
Balance Due None $6,490.86 $439.00
 (overpaid $187.57)
 
 
 5
 The matters in controversy were partially resolved by the Commissioner's concession that no fraud penalty would be due under Sec. 6653(b), IRC, and the appellant concedes that the Tax Court's award of penalties under Sec. 6651(a)(1) and (2) and Sec. 6654 of the IRC are proper.
 
 
 6
 Thus, the court is presented with the question of the amount to which the penalty should be applied for the years in question, No facts of any sort are in dispute in this matter.
 
 
 7
 In defense of his failure to file appropriate individual tax returns for the tax years 1980, 1981, and 1982, the appellant advanced the principal argument that Federal Reserve Notes are not dollars, and that consequently he could not be required, under penalty of perjury, to sign a tax return indicating that he had income in dollars when in fact what he had received were Federal Reserve Notes. This thesis apparently stems from a book by E. Vieira, Jr., Pieces of Eight: The Monetary Powers and Disabilities of the United States Constitution, (1983), all of which is incorporated in the Joint Appendix.
 
 
 8
 Further, the appellant also advanced as a defense to his failure to file tax returns for the involved years the fact that his wages should be "excluded from income subject to tax as the conversion of capital ... from one form to another, in the exercise of a natural and constitutional right, and not a privilege, to live and support himself through his own labor, and not earned in a position or occupation requiring license or privilege to work." In essence, through his two arguments, the appellant claimed immunity from taxation on his wages.
 
 II.
 
 9
 The operative fact in determining whether the penalties in question should be applied to the total tax determined to be due, or to the total tax determined to be due minus the amounts paid by way of withholding, is to be found in the fact that the taxpayer failed to file any tax returns for the years in question. Had such tax returns been filed, there could perhaps have been a different outcome in this case. Failure to file any form of tax return, however, mandates the result set forth infra.
 
 
 10
 Without belaboring the matter unnecessarily, two sections of the Internal Revenue Code govern the decision in this case. The first is Sec. 6653(c), reading as follows:
 
 
 11
 Income, Estate, Gift, and Certain Excise Taxes.--In the case of a tax to which Section 6211 ... is applicable, a deficiency as defined in that section ... shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return ...
 
 
 12
 In turning to Sec. 6211, we find that the question of deficiency is defined in this fashion:
 
 
 13
 (a) In General.--For purposes of this title in the case of income, estate, and gift taxes ... the term "deficiency" means the amount by which the tax imposed ... exceeds the excess of--
 
 
 14
 (1) the sum of
 
 
 15
 (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, ...
 
 
 16
 It is patent that both quoted sections contemplate the filing by the taxpayer of an income tax return for the tax year (or years) in question. In applying these two sections, there are a number of cases where the decision clearly indicates that the deficiency to which penalties should be applied is the amount of the tax due, in those cases where there has been no tax return filed. See Laing v. United States, 423 U.S. 161, 174 (1976) and Treas. Reg. Sec. 301.6211(a).
 
 
 17
 Further, Sec. 6211(b)(1) states clearly that the "tax shown on the return," as referred to in Sec. 6211(a)(1), shall be determined "without regard to the credit under Section 31," Sec. 31 relating to the withholding of income tax on wages.
 
 
 18
 In the case at bar, the appellant never filed returns for the tax years in question, so that there was no "amount shown as the tax by the taxpayer upon his return" to be considered in determining the net tax liability of the appellant. In Cirillo v. Commissioner, 314 F.2d 478, 484 (3d Cir.1963), the court stated:
 
 
 19
 This language makes it clear that neither the existence nor the amount of the "deficiency" of a taxpayer who has failed to file a return is affected in any way by the existence of a withholding credit partially or fully offsetting his tax liability.[1]
 
 
 20
 While there are some factual differences in Laing and Cirillo as compared to the instant case, these differences are not sufficient to cause one to disregard the language of the two opinions.
 
 
 21
 Turning then to the last assertion of error, relating to the assessment of the frivolous penalty by the Tax Court, it is apparent that the appellant's defense of his failure to file tax returns amounts to a classic example of the "tax protester" approach to taxation. Though we may grant the sincerity of the appellant's views about Federal Reserve Notes and that the fruits of his labor are not taxable as income, these arguments must nevertheless be judged on an objective standard.[2]
 
 
 22
 In this case, not only is the statutory law clear in every respect concerning the arguments of the appellant, but so also is the case law, and both consistently hold against the arguments made by the appellant. Even a de minimus inspection of the tax laws would have revealed the consistent and unanimous authority against the positions taken by the appellant. Such conduct amounts to the classic definition of "frivolousness", and the Tax Court was well justified in applying the penalty provisions of Sec. 6673 of the IRC.
 
 
 23
 For the reasons indicated, the decision of the Tax Court is therefore
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 While this language related to the predecessor of Sec. 6211(a)(1), the distinctions between that section and the current section are not material to this case
 
 
 [2]
 While one may earnestly and sincerely believe that the devil is resident in every ten dollar bill, a person holding such a sincere belief who proceeded to chop up ten dollar bills with an axe would still not escape an appropriate penalty for mutilation of currency